# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JEFFREY L. McLEMORE,

    **Plaintiff,**

    v.                                    CASE NO. 21-3024-SAC

TINA MILLER, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Jeffrey L. McLemore is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I. Nature of the Matter before the Court

Plaintiff brings this pro se action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Saline County Jail in Salina, Kansas ("SCJ"). Plaintiff was subsequently released from custody. *See* Doc. 4 (Notice of Change of Address). The Court grants Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2).

Plaintiff alleges in his Complaint that on January 2, 2021, staff at the SCJ fabricated a disciplinary action against Plaintiff, falsely alleging that he threatened staff. Plaintiff alleges that this was done in retaliation for Plaintiff filing complaints against staff. Plaintiff alleges that he did not threaten anyone, but as a result of the allegation he was forcibly extracted from his cell and placed on "two-man hour outs in restraints." (Doc. 1, at 5.) Plaintiff alleges that the use of force was unjustified. Plaintiff alleges that at his disciplinary hearing he was found guilty of threats and disorderly conduct and received ten days in segregation. Plaintiff alleges that there

was no evidence to support the disciplinary action and his disciplinary report was flawed. Plaintiff alleges that he appealed the disciplinary decision on January 5, 2021, and he was then charged with criminal threat regarding the incident in Saline County Case No. 20-CR-1006.

Plaintiff attaches the Sheriff Office's January 11, 2021 response to his appeal, which states that "charges are waived, but will remain on 2-man hour outs shackled in belly chains." (Doc. 1–2, at 18.) Plaintiff was released from segregation on January 14, 2021. *Id*. at 23.

Plaintiff claims retaliation, violations of his Eighth Amendment rights, excessive use of force, inhumane treatment, conspiracy, denial of equal protection, and respondeat superior. (Doc. 1, at 14–15.) Plaintiff has named staff at the SCJ as defendants, and seeks injunctive relief, punitive damages, nominal damages, actual damages, compensatory damages, and "pain and suffering" damages. (Doc. 1, at 16.) Plaintiff seeks injunctive relief in the form of having his criminal charges dropped, being released from the SCJ, and a cease and desist order regarding the two-man restraint policy.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)

(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v.*

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Injunctive Relief

Plaintiff seeks injunctive relief in the form of having his criminal charges dropped, being released from the SCJ, and a cease and desist order regarding the two-man restraint policy at the SCJ. Plaintiff's request for release from the SCJ and regarding the two-man restraint policy are moot. Plaintiff is no longer housed at the SCJ. Furthermore, any request for release from custody must be made in a petition for writ of habeas corpus.

Plaintiff is no longer confined at the SCJ, therefore his request for a cease and desist order is moot. Because Plaintiff's request relates solely to alleged wrongdoing on the part of SCJ employees, the Court would be unable to provide Plaintiff with effective relief and his requests for injunctive relief are moot. Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that

federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer housed at SCJ, his request for a cease and desist order is moot and subject to dismissal.

### 2. Damages

Plaintiff's request for damages for "pain and suffering" is barred by 42 U.S.C.

§ 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Plaintiffs seeks punitive damages, which "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind. Plaintiff's request for punitive damages is subject to dismissal.

**3. Habeas Nature of Claims**

Plaintiff's request to have his criminal charges dropped and to be released from the SCJ is not properly brought in this § 1983 action. To the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court

may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982); Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. A search of the Kansas District Court online records shows that Plaintiff pleaded guilty in Case No. 2020-CR-001006 (Saline County District Court). Plaintiff has not alleged that the conviction or sentence has been invalidated.

**IV. Motion to Adjoin Claims**

Plaintiff has filed a motion seeking to add his claims in this case to Case No. 21-3001,

stating that the facts in each case are relevant to the other case and that the facts in this case would provide additional "weight" to be considered in Case No. 21-3001. That case was initiated by multiple plaintiffs. On June 7, 2021, the Court entered a Memorandum and Order in that case granting the plaintiffs until July 6, 2021, in which to file a proper amended complaint. *See McLemore v. Miller*, Case No. 21-3001-SAC, Doc. 16 (D. Kan.). The Court found that the plaintiffs in that case raised multiple unrelated claims against multiple defendants and failed to comply with Rules 18, 20 and 8, of the Federal Rules of Civil Procedure. *Id*. If Plaintiff believes that claims can be properly joined in that case he should include them in the amended complaint. Plaintiff's motion is denied.

**V. Response Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED THAT** the Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Adjoin Claims (Doc. 3) is **denied.**

**IT IS FURTHER ORDERED THAT** Plaintiff is granted until **July 23, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated June 28, 2021, in Topeka, Kansas.**

<span style="margin-left:3em">s/ Sam A. Crow<br>Sam A. Crow<br>U.S. Senior District Judge</span>